# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

| | |
|---|---|
| **JULIE HARRIS** | **PLAINTIFF** |
| **V.** | **CASE NO. 1:04CV294-M-** |
| **GREG GASTON, individually,**<br>**and K-MART CORPORATION** | **DEFENDANTS** |

## MEMORANDUM OPINION

This cause comes before the Court on K-Mart's motion for summary judgment [28]. The Court has reviewed the briefs and exhibits and is prepared to rule.

The plaintiff is Julie Harris, a resident of Alcorn County, Mississippi. The Defendants are Greg Gaston, individually, and the K-Mart Corporation (K-Mart). Greg Gaston is a resident of Alcorn County, Mississippi and serves as the store manager of the K-Mart store located in Corinth. Greg Gaston was dismissed from the case by the Court on March 15, 2005. K-Mart is a Michigan corporation doing business in Mississippi through a shopping center in Corinth.

Julie Harris worked for K-Mart as a check-out counter cashier until August 21, 2003, when K-Mart terminated her employment for improper register operation. On August 15, 2003, K-Mart discovered a cash shortage of $825.63. Not at issue in the pleadings is the fact that the video footage shows Julie Harris handing a check in that amount back to a customer after the customer tendered it for payment of goods. Julie Harris and K-Mart disagree whether the return of the check with the receipt was accidental or intentional. K-Mart's loss prevention manager, Jason Null, notified the Corinth Police Department of the event. Along with the police officers, K-Mart, through its agent Jason Null, signed an arrest warrant for Julie Harris after K-Mart was notified by the Corinth Police Department that the Department believed there was sufficient probable cause for an arrest.

Embezzlement charges against Julie Harris were later dismissed for insufficient evidence.

Julie Harris now alleges tort claims of malicious prosecution, false arrest and intentional infliction of emotional distress against Mr. Gaston and K-Mart.

**ANALYSIS**

I. STANDARD FOR A MOTION OF MOTION FOR SUMMARY JUDGMENT

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant. Anderson v. Liberty Lobby, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In reviewing the evidence, this Court must draw all reasonable inferences in favor of the nonmoving party, and avoid credibility determinations and weighing of the evidence. Reeves v. Sanderson Plumbing Prods. Inc., 530 U.S. 133, 120 S.Ct. 2097, 2110, 147 L.Ed.2d 105 (2000). In so doing, the Court must disregard all evidence favorable to the moving party that the jury is not required to believe. Reeves, 120 S.Ct. at 2110.

II. MALICIOUS PROSECUTION

A claim for malicious prosecution requires the following essential elements: (1) institution of a proceeding; (2) by, or at the insistence of, the defendant; (3) the termination of such proceedings in plaintiff's favor; (4) malice in instituting the proceedings; (5) want of probable cause for the proceeding; and (6) the suffering of injury or damage as a result of the prosecution. Condere Corp. d/b/a Fidelity Tire and Manuf. Co. v. Moon, 880 So. 2d 1038, 1042 (Miss. 2004).

Although Julie Harris proffered no evidence that K-Mart acted "with any motive other than as law abiding citizens attempting to see that a law violator was brought to justice," Croft v. Grand Casino Tunica, Inc., 910 So. 2d 66, 74 (Miss. Ct. App. 2005), the Court need only address the issue of probable cause.

The Mississippi Supreme Court has said that:

> The existence of probable cause, which involves only the conduct of a reasonable man under the circumstances, and does not differ essentially from the determination of negligence, usually is taken out of the hands of the jury, and held to be a matter for decision by the court. That is to say, the court will determine whether upon the appearances presented to the defendant, a reasonable person would have instituted the proceeding. W. Prosser & W. Keeton, The Law of Torts §§ 119 (5th Ed.1984).

Strong v. Nicholson, 580 So. 2d 1288, 1294 (Miss. 1991). Probable cause is determined from the facts apparent to a reasonable person at the time the prosecution is initiated. Van v. Grand Casinos of Mississippi, Inc., 767 So. 2d 1014,1020 (Miss. 2000). The tort of malicious prosecution cannot stand where the defendant had probable cause to institute the action. Id.

A probable cause determination must pass a reasonableness inquiry based on the totality of the circumstances. Id. In this case, an adequate review of whether K-Mart's probable cause determination was reasonable cannot be reached under the present facts. Critically, information is absent regarding the pre-arrest interview of the customer, Crystal Cosby. See, e.g., Croft v. Grand Casino Tunica, Inc., 910 So. 2d 66, 73 (Ct. App. Miss. 2005) (holding that where an employee conspired with a customer who later received a "kickback," summary judgment was appropriate where Tunica Casino had made its own detailed investigation, including the interviewing of all material witnesses, which revealed the conspiracy before causing an arrest). The results of any internal investigation of the customer are directly linked to the reasonableness of the subsequent arrest of the cashier, Julie Harris. This information is necessary in determining if the handing of

3

the check was intentional or accidental.

The facts before the Court are inconclusive as to whether the pre-arrest investigation by the defendant rendered adequate probable cause to effectuate the arrest of Julie Harris. Therefore, genuine issues of material fact exist. Summary judgment must be denied for the claim of malicious prosecution.

III. FALSE ARREST

The intentional tort of false arrest occurs where one person causes another to be arrested (1) falsely, (2) unlawfully, (3) maliciously and (4) without probable cause. City of Mound Bayou v. Johnson, 562 So. 2d 1212 (Miss. 1990). If there is probable cause for the charges made, then the plaintiff's arrest is supported by probable cause, and a claim for false arrest must fail. Price v. Roark, 256 F.3d 364, 369 (5th Cir. 2001).

As set forth above in Part II, there are genuine issues of material fact as to probable cause. Therefore, K-Mart's motion for summary judgment as to Julie Harris's claim of false arrest must also be denied.

IV. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Julie Harris claims disputed material facts exist regarding the issue of intentional infliction of emotional distress.

"The standard for intentional infliction of emotional distress in Mississippi is very high: a defendant's conduct must be 'wanton and wilful and [such that] it would evoke outrage or revulsion.' " Hatley v. Hilton Hotels Corp., 308 F.3d 473, 476 (5th Cir. 2002). To recover, the conduct of the defendant must have been "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Brown v. Inter-City Federal Bank, 738 So. 2d 262 (Miss. Ct.

App. 1999) (quoting <u>Pegues v. Emerson Elec. Co.</u>, 913 F. Supp. 976, 982 (N.D. Miss. 1996)). Liability, however, does not extend to "mere insults, indignities, threats, annoyances, petty oppression, or other trivialities." <u>Raiola v. Chevron U.S.A., Inc.</u>, 872 So. 2d 79, 85 (Miss. 2004).

The conduct which Julie Harris claims caused an intentional infliction of emotional distress on her was the defendants' having her arrested. Because there is a genuine issue of material fact as to whether it was reasonable for K-Mart to cause the arrest of Julie Harris, K-Mart's motion for summary judgment is denied with respect to the intentional infliction of emotional distress.

## CONCLUSION

Based on the foregoing analysis, it is hereby ORDERED that K-Mart's motion for summary judgment is **DENIED**. A separate order to that effect shall issue this day.

This is the 23rd day of March, 2006.

                                                  **/s/ Michael P. Mills**
                                                  **UNITED STATES DISTRICT JUDGE**